UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MAXWELL | * | CIVIL ACTION |
|     PLAINTIFF | * | |
| | * | NO. |
| VERSUS | * | |
| | * | JUDGE |
| MECHANICAL EQUIPMENT COMPANY, INC. | * | |
|     DEFENDANT | * | MAG. JUDGE |
| | * | |
| * * * * * * * * | | |

## COMPLAINT

NOW COMES INTO COURT, through the undersigned counsel, Rachel Maxwell ("plaintiff") who for her Complaint respectfully represent that:

1.

Rachel Maxwell (hereinafter "Maxwell"), plaintiff herein, is a person of the age of majority and domiciled within the State of Louisiana, Parish of St. Tammany.

2.

Made defendant herein is Mechanical Equipment Company, Inc. (hereinafter "MECO"), a domestic Louisiana corporation with its domicile and principal office both located in Mandeville, St. Tammany Parish, Louisiana.

3.

Maxwell began working for MECO in approximately April of 2014 as a compressor tear down technician.

4.

In the first half of 2018 Maxwell took FMLA leave while she received treatment for thryoid cancer, returning to work on or about Friday, June 1, 2018.

5.

From Maxwell's return to work until she went back out on leave on January 15, 2019, I was subjected to harassment, different work assignments to work positions which were not the same or equivalent as those in which she was placed before the FMLA leave, assignment to work without appropriate tools or personal protective equipment, unfair poor performance appraisals, verbal harassment and discrimination due to my having taken FMLA leave. The harassment and discrimination was continual whenever Maxwell worked from 6/1/2018 to her termination on 2/22/2019.

6.

Additionally, on January 15, 2019, Maxwell took further leave to receive additional surgical treatment. Maxwell was informed that this unpaid medical leave was not covered under FMLA, but Maxwell was also informed that it was being granted on a discretionary basis and Maxwellwas eligible for reinstatement when healthy. Maxwell emailed MECO that she was ready to return to work and instead of being allowed to return to work Maxwell received a termination packet via FEDEX. The letter in the termination packet was dated 2/22/2019.

7.

Based upon my prior experience, including comments specific to the plaintiff having cost MECO significant sums during a benefits meeting, and the harassment which occurred after my FMLA leave during which significant ERISA benefits were used, Maxwell have reason to believe the termination was due to my having asserted FMLA leave rights , thyroid cancer,

which cost my employer a significant amount of money through their self-funded ERISA health plan.

8.

Plaintiff specifically avers that the FMLA violations stated herein were willful.

9.

Alternatively, Maxwell was terminated to intentionally interfere with her continued access to and use of ERISA rights.

10.

As a result of MECO's illegal termination of Maxwell she lost health benefits, which in turn delayed treatment for a recurrence of her cancer. Upon information and belief, this delay in treatment has decreased the chances for successful treatment, required that plaintiff undergo more treatment than would otherwise be needed, and/or decreased plaintiff's ultimate chances of surviving the recurrence.

11.

The foregoing actions by MECO and its officers, employees, and agents as to Rachel Maxwell constitute violations of the FMLA and ERISA prohibitions on discrimination, harassment, and retaliation.

12.

As a result of FMLA and ERISA violations alleged herein Maxwell suffered the following injuries and damages:

    A.    General damages, including, but not limited to, mental anguish and emotional distress, past, present, and future;

  B. Lost wages, benefits, compensation, and monetary losses for out-of-pocket expenses,

  C. Lost of plaintiff's continued employment and all compensation and benefits,

  D. Such losses as may be equitably corrected or compensated, including, but not limited to, the equitable remedies of injunction or surcharge, and

  D. Any other damages that may be shown at the trial of the merits.

13.

Venue is proper in this Honorable Court pursuant to 28 U.S.C.A. §1391 because the Eastern District of Louisiana is both the district in which the defendant resides and where all or substantial portion of the events or omissions giving rise to the claims asserted herein occurred and 29 U.S.C.A. §1132(e)(2) because the Eastern District of Louisiana is "district where the [ERISA] plan is administered, where the breach took place, or where a defendant resides or may be found and process may be served in any other district where a defendant resides or may be found."

14.

This Honorable Court has jurisdiction over the claims asserted in this matter pursuant to 28 U.S.C.A. §1331 and 29 U.S.C.A. §1132.

15.

Upon information and belief, MECO is a covered employer under the terms and provisions of FMLA and Maxwell was an eligible employee under the terms and provisions of FMLA when she took FMLA leave.

**WHEREFORE,** Rachel Maxwell, prays that, due proceedings be had and that there be judgment herein in favor of Rachel Maxwell and against Mechanical Equipment Company, Inc.,

defendant, for such sums as the Court should deem reasonable and proper, including general damages, statutory damages, backpay, frontpay, lost wages, liquidated damages pursuant to 28 U.S.C.A. §(a)(1)(a)(iii), and attorney's fees, together with legal interest thereon from date of judicial demand until paid; for such equitable relief as the Court may order, including, but not limited to all injunctive relief provided for in FMLA and/or ERISA such as injunctive relief for restoration to work, such other injunctive relief as may be appropriate, and the equitable relief of surcharge; and for all costs of these proceedings as defined or provided for by the Federal Rules of Civil Procedure and the particular statutes under which this action has been filed, and for such other legal and equitable relief as the Court shall deem necessary and proper.

Respectfully Submitted,

_____s/Donald L. Hyatt, II_____
DONALD L. HYATT, II (24808)
DONALD L. HYATT, II APLC
1217 Florida Street
Mandeville, LA 70448
Telephone: (504) 813-6727
Facsimile: (866) 377-8671
E-mail: hyattlaw@aol.com
**COUNSEL FOR THE PLAINTIFF**