```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


RACHEL MAXWELL                                     CIVIL ACTION


v.                                                 NO. 20-0660


MECHANICAL EQUIPMENT COMPANY, INC.                 SECTION "F"
```

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss for failure to state a claim or, in the alternative, motion for more definite statement.  For the reasons that follow, the motion to dismiss is GRANTED. Within 14 days, the plaintiff shall be permitted one opportunity to amend her deficient claims, if she can in good faith do so.

**Background**

In April 2014, Rachel Maxwell began working as a compressor tear-down technician for Mechanical Equipment Company, Inc. During the first half of 2018, Maxwell took leave under the Family Medical Leave Act while she received treatment for thyroid cancer. She returned to work on June 1, 2018.

From her return on June 1, 2018 until she took additional leave on January 15, 2019, Maxell allegedly was harassed, received

1

different work assignments from her pre-leave duties, assigned to perform work without being provided with appropriate tools or personal protective equipment, and received unfair poor performance evaluations. She claims she was "verbal[ly] harass[ed]" and discriminated against "due to my having taken FMLA leave."

When Maxwell took leave again on January 15, 2019 to undergo surgical treatment, she was informed that the leave was not covered by the FMLA. Nevertheless, she was advised that her request for unpaid medical leave was being granted on a discretionary basis and she would be eligible for reinstatement. Maxwell emailed MECO when she was ready to return to work. Instead of being reinstated, however, her employment was terminated; she was notified when she received a termination packet dated February 22, 2019.

On February 24, 2020, Maxwell sued MECO, alleging "[b]ased upon my prior experience, including comments specific to the plaintiff having cost MECO significant sums during a benefits meeting, and the harassment which occurred after my FMLA leave during which significant ERISA benefits were used, Maxwell have [sic] reason to believe the termination was due to my having asserted FMLA leave rights, thyroid cancer, which cost my employer a significant amount of money through their self-funded ERISA health plan." In her complaint, she concludes that the FMLA

2

violations were willful and, alternatively, that her employment was terminated to intentionally interfere with her continued access to and use of ERISA rights. Maxwell also concludes that MECO's conduct violated the FMLA's and ERISA's prohibitions on discrimination, harassment, and retaliation. Because she lost her health benefits when she was unlawfully terminated, Maxwell alleges, she suffered a delay in treatment for the cancer's recurrence, which decreased her chance of surviving the recurrence. Maxwell seeks to recover general damages, lost wages and benefits, loss of continued employment and benefits, and seeks equitable remedies. MECO now moves to dismiss Maxwell's complaint for failure to state a claim or, alternatively, requests a more definite statement.

I.

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). A party may move for dismissal of a complaint that fails this requirement. See FED. R. CIV. P. 12(b)(6). Such motions are rarely granted because they are viewed with disfavor. Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013)(quoting Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light

3

most favorable to the plaintiff." Thompson v. City of Waco, Tex., 764 F.3d 500, 502 (5th Cir. 2014)(citing Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). Conclusory allegations are not well-pleaded and, consequently, are not accepted as true. See Thompson, 764 F.3d at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To overcome a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678). A claim is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555. Ultimately, the Court's task is "to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson, 764 F.3d at 503 (citation omitted).

4

II.

*A.*

MECO moves to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Among the complaint's deficiencies, MECO contends, it is unclear what sort of claim the plaintiff is attempting to assert and -- even broadly assuming that the plaintiff is asserting any claim available under the FMLA or ERISA -- the plaintiff nevertheless fails to state plausible claims for relief provided by either statute. For her part, the plaintiff essentially concedes that the complaint is inartfully drafted and she implicitly requests an opportunity to amend the deficient allegations.[1]

Dismissal is warranted. But so is an opportunity to amend the deficiencies identified by the defendant and essentially conceded by the plaintiff.

---

[1] Throughout the plaintiff's opposition paper, plaintiff's counsel states "such flaws as may be presented by the Complaint can be cured by amendment[;]" the complaint "may have been more precisely drafted[;]" "an opportunity to amend would clarify that there is no...speculation [that] plaintiff has actually had to seek further cancer treatment which would have been covered by the ERISA health plan [but for] her loss of employment[;]" "[t]o the extent what is missing is a clear statement of causal connection, such [could] be easily remedied through a [sic] an amendment to the pleadings[;]" and "plaintiff...actually agrees that an amendment to such pleadings...would likely clarify the matters both for the court and the litigants."

*B.*

Having thus far failed to file an amended complaint, the operative pleading is the original complaint filed on February 24, 2020. Considering these allegations, it remains unclear which theories of liability the plaintiff is attempting to pursue and the facts alleged do not indicate that any plausible claim has been stated under either ERISA or the FMLA.

1.

Section 510 of ERISA provides that it is "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant...for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." Lee v. Verizon Communs., Inc., 837 F.3d 523, 542 (5th Cir. 2015)(quoting 29 U.S.C. § 1140). To state an interference claim, the plaintiff must allege "(1) prohibited (adverse) employer action (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled." Bodine v. Employers Cas. Co., 352 F.3d 245, 250 (5th Cir. 2003). Pertinent here, the plaintiff must "identify a viable right with which" the defendant interfered. Lee, 837 F.3d at 543.

MECO contends that Maxwell fails to state a claim for interference with ERISA rights because the plaintiff has failed to identify specific rights to which she would be entitled that MECO prevented her from exercising. The Court agrees. Insofar as the plaintiff attempts to claim interference with ERISA rights, the plaintiff's conclusory allegations fail to specify which rights MECO purposefully interfered with or any facts supporting a causal connection between the termination of her employment and the exercise of the right.

2.

The Family and Medical Leave Act is intended to allow employees to take reasonable leave for medical reasons. See 29 U.S.C. § 2601(b)(2). The FMLA creates both prescriptive rights (which create substantive rights, preventing an employer from interfering with an employee's attempt to exercise an FMLA-protected right) and proscriptive rights (which protect employees who have been discriminated against for exercising substantive FMLA rights). See Elensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 372 (5th Cir. 2008)(per curiam). To prove a prima facie case for retaliation under the FMLA, the plaintiff must show that:

> 1) [s]he was protected under the FMLA; 2) [s]he suffered an adverse employment action; and 3) [s]he was treated less favorably than an employee who had not requested

>  leave under the FMLA or the adverse decision was made because [s]he sought protection under the FMLA.

Acker v. General Motors, L.L.C., 853 F.3d 784, 790 (5th Cir. 2017)(citation omitted). To be sure, the prima facie case is an evidentiary, not a pleading, requirement; however, to state a claim for retaliation, the plaintiff must allege facts supporting a causal connection between taking FMLA leave and ultimate termination. Cf. Chhim v. Univ. of Texas at Austin, 836 F.3d 467, 470 (5th Cir. 2016).[2]

MECO moves to dismiss any FMLA claim, noting that it is unclear which theory the plaintiff pursues. In response, the plaintiff indicates that she does not pursue a prescriptive FMLA theory (yet, she goes on to invoke cases by plaintiff seeking a prescriptive remedy). Focusing on any proscriptive theory, then, MECO contends that dismissal is warranted because the plaintiff alleges in conclusory fashion that she was harassed and discriminated against due to taking FMLA leave. The Court agrees. Although the plaintiff references harassment and discrimination and alludes to "comments" made by unidentified MECO employees at an unspecified time that the plaintiff's leave cost MECO, the

---

[2] In other words, although the plaintiff need not prove her case until summary judgment or trial, it can be helpful to reference these elements at the pleadings stage. Cf. Stone v. Louisiana Dept. of Revenue, 590 Fed. Appx. 332, 339 (5th Cir. 2014)(quoting Raj v. Louisiana State University, 714 F.3d 322, 331 (5th Cir. 2013)); Chhim, 836 F.3d at 470.

8

plaintiff fails to indicate when this alleged conduct occurred or who participated in the behavior. Maxwell's allegations fall short of articulating facts supporting the causation element of any proscriptive FMLA claim and likewise fall short of identifying a cognizable adverse employment action under the FMLA.

*C.*

The plaintiff offers nothing more than a feeble defense for the plausibility of whatever claims she has attempted to allege in the initial complaint. Indeed, she concedes that an amended complaint should be filed to clarify the facts supporting the precise sort of claims she is pursuing. Viewing in the light most favorable to the plaintiff the allegations of *the complaint* (and not the gloss counsel puts on those allegations in the opposition paper), she does little more than invoke broad statutory remedies as legal conclusions and allege scant facts indicating her *belief* that MECO unlawfully harmed her under these statutory schemes. In so doing, the complaint fails the Rule 8 pleading standard.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED; however, the Court will afford the plaintiff one opportunity to amend her deficient claims: the plaintiff's claims are hereby dismissed without prejudice to the plaintiff's opportunity to file an amended complaint to cure the deficiencies, if she can in good faith do so, within 14 days. Failure to do so

will result in dismissal of these claims **with prejudice** without further notice.

        New Orleans, Louisiana, September 16, 2020

        _____
             MARTIN L. C. FELDMAN
          UNITED STATES DISTRICT JUDGE